UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GUFFEY,<br><br>  Petitioner,<br><br>  v.<br><br>RICHARD SUBIA, Warden,<br><br>  Respondent. | Civil No.   07-CV-1620 IEG (CAB)<br><br>**ORDER RE PETITIONER'S MOTION FOR STAY AND ABEYANCE**<br>**[Doc. # 2]** |

Petitioner brought his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on August 15, 2007. Also on August 15, 2007, Petitioner filed a Motion for Stay and Abeyance of the Petition.

The Court hereby notifies Petitioner of the requirements for demonstrating that the stay and abeyance procedure is appropriate in this case. In Rhines v. Weber, 544 U.S. 269 (2005) the Supreme Court held that District Courts have limited discretion to hold in abeyance a mixed habeas petition, that is, one containing both exhausted and unexhausted claims, in order to permit a petitioner to return to state court to exhaust additional claims while the federal proceedings are stayed. Rhines, 544 U.S. at 277. The Rhines Court held that "a stay and abeyance 'should be available only in limited circumstances,' and is appropriate only when the district court determines that there was 'good cause' for the failure to exhaust." Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005) (quoting Rhines, 544 U.S. at 277). The Court in Jackson noted that the Rhines holding applies to stays of mixed petitions, but that Rhines did not comment on the validity of the withdraw and abeyance procedure approved of in Calderon v. United States District Court (Taylor), 134 F.3d 981 (9th Cir. 1998) and Kelly v. Small, 315

1  F.3d 1063 (9th Cir. 2003), where unexhausted claims are withdrawn from a mixed petition and the
2  resultant fully-exhausted petition is held in abeyance while petitioner returns to state court to exhaust the
3  unexhausted claims.  <u>Jackson</u>, 425 F.3d at 661.  Because <u>Jackson</u> involved a mixed petition, the Court
4  held that <u>Rhines</u> directly controlled, and "left for another day the question of whether the stay standard
5  announced by the Supreme Court in <u>Rhines</u> applies to our three-step stay-and-abeyance procedure."  <u>Id.</u>

6  Irrespective of whether Petitioner's motion for stay is subject to the restrictions placed on this
7  Court's discretion to issue a stay as set forth in <u>Rhines</u>, or is subject to the Ninth Circuit's withdraw and
8  abeyance procedure, Petitioner must satisfy the criteria for issuance of a stay.  Under either procedure **he**
9  **must demonstrate there are arguably meritorious claims which he wishes to return to state court**
10 **to exhaust <u>and</u> that he is diligently pursuing his state court remedies with respect to those claims.**
11 <u>Jackson</u>, 425 F.3d at 661; <u>Anthony v. Cambra</u>, 236 F.3d 568, 575 (9th Cir. 2000); <u>Taylor</u>, 134 F.3d at
12 987; <u>see also</u> <u>Kelly</u>, 315 F.3d at 1070.  Petitioner shall address these concerns in his brief in support of
13 his Motion.  In addition, Petitioner should set forth facts in an attempt to demonstrate good cause for his
14 failure to timely exhaust the state court remedies with respect to his unexhausted claims.

15 If Petitioner wishes, upon reading this Order, to file an amended motion for stay and abeyance,
16 he may do so no later than **September 24, 2007**.  Respondent shall file an opposition to the motion no
17 later than **October 9, 2007**.  Petitioner shall file his reply, if any, to Respondent's opposition no later
18 than **October 23, 2007**.  No oral argument will be held.

19 **IT IS SO ORDERED.**

DATED: August 28, 2007

**CATHY ANN BENCIVENGO**
United States Magistrate Judge