UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GUFFEY,<br><br>                             Petitioner,<br><br>     v.<br><br>RICHARD SUBIA, Warden,<br><br>                             Respondent. | Civil No.    07cv1620-IEG (CAB)<br><br>**REPORT AND RECOMMENDATION REGARDING PETITIONER'S MOTION FOR STAY AND ABEYANCE**<br><br>**[Doc. No. 11]** |

### I.  BACKGROUND

Petitioner Daniel Guffey ("Petitioner" or "Guffey") brought his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on August 15, 2007. Also on August 15, 2007, Petitioner filed a Motion for Stay and Abeyance of the Petition. On August 28, 2007, this Court issued an Order notifying Petitioner of the requirements to be met for a stay and abeyance procedure and ordered him to file said motion for a stay and abeyance on or before September 24, 2007. [Doc. No. 4.]

On September 26, 2007, Petitioner filed an ex parte motion for enlargement of time, and requested a 60-day continuance to file an amended motion for stay and abeyance. [Doc. No. 6.] On September 27, 2007, the Court granted Petitioner's ex parte motion. [Doc. No. 7.] On November 16, 2007, Petitioner filed a motion for a second extension of time to file an amended motion for stay and abeyance. [Doc. No. 8.] The Court granted in part and denied in part the motion for a second extension of time, granting Petitioner until December 28, 2007, within which to file an amended motion for stay

and abeyance. [Doc. No. 9].

On December 28, 2007, Petitioner filed the First Amended Motion for Stay and Abeyance. [Doc. No. 11.] On January 11, 2008, Respondent filed his opposition to the motion for stay and abeyance. [Doc. No. 13.] On February 21, 2008, Petitioner filed a reply to the opposition to the motion for stay and abeyance. [Doc. No. 17.]

After reviewing the First Amended Motion for Stay and Abeyance, Respondent's opposition, Petitioner's reply and the underlying Petition, the undersigned recommends that the motion be **DENIED** for the reasons set forth below.

## II. DISCUSSION

Petitioner has not shown that a stay and abeyance procedure is appropriate in this case. District courts have limited discretion to hold in abeyance a mixed habeas petition, containing both exhausted and unexhausted claims, in order to permit a petitioner to return to state court to exhaust additional claims while the federal proceedings are stayed. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). "[A] stay and abeyance 'should be available only in limited circumstances,' and is appropriate only when the district court determines that there was 'good cause' for the failure to exhaust." *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005) (quoting *Rhines*, 544 U.S. at 277). The Court in *Jackson* noted that the *Rhines* holding applies to stays of mixed petitions, but that *Rhines* did not comment on the validity of the withdraw and abeyance procedure approved of in *Calderon v. United States District Court (Taylor)*, 134 F.3d 981 (9th Cir. 1998) and *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), where unexhausted claims are withdrawn from a mixed petition and the resultant fully-exhausted petition is held in abeyance while petitioner returns to state court to exhaust the unexhausted claims. *Jackson*, 425 F.3d at 661.

Regardless of whether Petitioner's motion for stay is subject to the restrictions placed on this Court's discretion to issue a stay as set forth in *Rhines*, or is subject to the Ninth Circuit's withdraw and abeyance procedure, Petitioner must satisfy the criteria for issuance of a stay. Petitioner must demonstrate that the unexhausted claims are not "plainly meritless," and that he is diligently pursuing his state court remedies with respect to these claims. *Jackson*, 425 F.3d at 661; *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *Taylor*, 134 F.3d at 987; *see also Kelly*, 315 F.3d at 1070. In addition, Petitioner must set forth facts in an attempt to demonstrate good cause for his failure to timely exhaust

the state court remedies with respect to his unexhausted claims. *Rhines*, 544 U.S. at 277.

First, Petitioner has not shown good cause for failure to exhaust his claims timely. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. *Rhines* did not define the good cause standard. The Ninth Circuit has stated that the good cause standard is less stringent than the "extraordinary circumstances" standard for equitable tolling of the statute of limitations under the Antiterrorism and Effective Death Penalty Act, but has not clarified it further. *See Jackson,* 425 F.3d at 661-62.

While there is very little case law with regard to what constitutes good cause for failure to exhaust in a *Rhines* analysis, the good cause standard for failure to exhaust may be analogized to the "cause" required to overcome a procedural bar. *Hernandez v. Sullivan*, 397 F. Supp. 2d 1205, 1206-07. A state court decision denying relief based upon independent state procedural grounds may bar federal habeas relief. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). However, in limited circumstances, the bar may be excused. If the petitioner has procedurally defaulted a claim, he may escape the consequences of the default by showing either "cause" and "actual prejudice," or a "miscarriage of justice." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). Only then will a federal court be able to address the merits of the otherwise defaulted claim. *See Coleman*, 501 U.S. at 730. "Cause" usually means some objective factor external to the petitioner which gave rise to the default. *Id.* at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *Hernandez*, 397 F.Supp.2d at 1207.

The undersigned finds that Petitioner has failed to demonstrate an external factor, not attributable to him, which provides "good cause" for failure to present his unexhausted claims in state court. Petitioner claims that he failed to present his unexhausted claims in state court because his state appellate counsel did not notify him that his petition for review had been denied by the California Supreme Court until July 31, 2007, which was approximately two weeks before the expiration of the statute of limitations for his federal habeas petition. [Doc. No. 11 at 2.] Petitioner argues that this failure by the state appellate counsel constitutes ineffective assistance of counsel in violation of the Sixth Amendment. [Doc. No. 11 at 4.] In *Coleman*, the court stated that ineffectiveness of counsel in violation

of the Sixth Amendment can constitute the type of "external impediment" that satisfies the "cause" requirement because " 'the Sixth Amendment itself requires that responsibility for the default be imputed to the State.' " 501 U.S. at 754 (quoting *Murray*, 477 U.S. at 488).

However, Respondent correctly notes that Petitioner had no right to counsel on this discretionary appeal, nor does he have a right to counsel in state collateral proceedings. [Doc. No. 13 at 6, citing *Coleman*, 501 U.S. at 752, and *Johnson v. Avery*, 393 U.S. 483, 488(1969).] Ineffective assistance of counsel constitutes cause only at those stages of the proceedings where the state has a constitutional responsibility to ensure competent representation. *See Wainwright v. Torna*, 455 U.S. 586 (1982). Under *Coleman*, an error of appellate counsel on a discretionary appeal simply cannot constitute cause to excuse a procedural default in a federal habeas proceeding. Counsel's failure to notify Petitioner of the denial of his Petition for Review cannot be deemed "good cause" for the failure to exhaust state remedies. This is particularly true where, as here, appellate counsel's conduct did not prevent Petitioner from seeking state habeas relief on the unexhausted claim. *Hernandez*, 397 F.Supp.2d at 1207.

Petitioner also argues that his state appellate attorney "failed to explain the successive petitions pitfalls, nor the need for a Stay and Abeyance Motion in order to protect his rights." [Doc. No. 11 at 3.] This implies that Petitioner, as a layperson, did not have such knowledge. Again, this is not sufficient to meet the good cause standard for excusing the failure to exhaust. Under the procedural default analogy, Petitioner's lack of legal knowledge is not "cause" because it is not an objective factor external to petitioner which prevented compliance with the exhaustion requirement. *See Kiber v. Walters*, 220 F.3d 1151, 1153-54 (9th Cir. 2000). Indeed, in the equitable tolling context, it has long been held that a petitioner's ignorance of the law or lack of expertise in the law does not excuse an untimely filing of a habeas corpus petition. *See Sperling v. White*, 30 F.Supp.2d 1246, 1254 (C.D. Cal. 1998); *Fisher v. Ramirez-Palmer*, 219 F.Supp.2d 1076, 1079 (E.D. Cal. 2002); *Eisermann v. Penarosa*, 33 F.Supp.2d 1269, 1273 (D. Haw. 1999); *Henderson v. Johnson*, 1 F.Supp.2d 650, 656 (N.D. Tex. 1998). The same reasoning applies here.

The undersigned therefore finds that Petitioner has failed to demonstrate good cause for failure to exhaust any further claims.

Second, Petitioner has failed to show that he is diligently pursuing his state court remedies with regard to his unexhausted claims. *See Jackson*, 425 F.3d at 661; *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *Taylor*, 134 F.3d at 987; *see also Kelly*, 315 F.3d at 1070. While it may be understandable why Petitioner did not present his unexhausted claims in state court before filing this Petition,[1] there is no indication that Petitioner has done anything since that time to present his unexhausted claims in the state court. Nothing that Petitioner's state appellate counsel did has prevented Petitioner from seeking state habeas relief. Moreover, as set forth below, Petitioner's "possible"[2] unexhausted claims are vague and there is no evidence that Petitioner has done anything to further articulate his unexhausted claims and present them in state court. Therefore, Petitioner has not shown that he is diligently pursuing his state court remedies with respect to those claims.

Finally, petitioner has not shown that his unexhausted claims possess merit. *See Jackson*, 425 F.3d at 661; *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *Taylor*, 134 F.3d at 987; *see also Kelly*, 315 F.3d at 1070. In his Petition, Petitioner presents the following grounds for relief:

> (a) GROUND ONE: The Fourteenth Amendment due process clause requires reversal of the murder conviction because there was insufficient evidence that murder was a natural and probable consequence of simple assault, and the trial court erred in denying appellant's motion to dismiss and his motion for new trial. Moreover, in denying the motion for new trial, appellant's right to application of favorable state law under Hicks v. Oklahoma was violated.
> (b) GROUND TWO: Failure to sever defendant's case from his codefendant's case violated the Fourteenth Amendment due process clause because 1) state law, and thus the Fourteenth Amendment under Hicks v. Oklahoma, entitled appellant to have his motion to sever granted; and 2) joinder of the defendants resulted in gross unfairness, violating the fundamental fairness requirement of the Fourteenth Amendment.
> (c) GROUND THREE: Admission of codefendant Smith's extrajudicial statements violated appellant's right to confront and cross-examine witnesses under the Sixth and Fourteenth Amendments.

[Doc. No. 1 at 6-8.][3]

---

[1] Petitioner's state appellate counsel notified Petitioner on July 31, 2007, that his petition for review had been denied by the California Supreme Court. This was approximately two weeks before the expiration of the statute of limitations for his federal habeas petition. Petitioner's state appellate counsel also prepared Petitioner's federal habeas petition and instructed Petitioner on how and when to file it. [Doc. No. 11 at 18-20.]

[2] Doc. No. 11 at 3.

[3] All of these grounds for relief were exhausted in the state court. *Id.*

In the motion for stay and abeyance, Petitioner does not clearly articulate his unexhausted claims. Instead, Petitioner claims to have the following "possible issues:"

a) Jury instructional error, that was not harmless beyond a reasonable doubt;
b) Prosecutorial misconduct;
c) Abuse of discretion by Trial Court Judge;
d) Ineffective assistance of trial counsel;
e) Unconstitutional promises by prosecutor's staff, of leniency or lessor culpability, that was later denied; that may equate to possible Miranda violation; or, a Santebello style violation;
f) Ineffective assistance of appellate counsel, [for failure to timely notify petitioner that his Petition for Review was denied, until AEDPA had almost expired].

[Doc. No. 11 at 4.]

Taking each "possible issue" separately, Petitioner has failed to either clearly articulate the issue or show that it has merit:

**a) Jury instructional error, that was not harmless beyond a reasonable doubt.**

Petitioner has not provided any facts or law with with regard to this issue.

**b) Prosecutorial misconduct**.

Petitioner argues that there was prosecutorial misconduct and a *Miranda*[4] violation with regard to the "free talk"[5] Petitioner had with the prosecution. [Doc. No. 1 at 14.] However, Petitioner acknowledges that he was represented by counsel during this "free talk." [Doc. No. 1 at 14-15.] Therefore, there cannot be a *Miranda* violation. *See  Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Moreover, the facts surrounding the  "free talk" are the basis of Ground Three of his petition,[6] which claim has been exhausted.  Therefore, Petitioner has failed to show that this "possible issue" has merit.

**c) Abuse of discretion by Trial Court Judge**

Petitioner argues that the trial court "should" have advised him on the record, out of the presence of the jury, of his right to testify or not testify. [Doc. No. 11 at 13.] However, Petitioner does not provide

---

[4]*Miranda v. Arizona*, 384 U.S. 436 (1966).

[5] Early in the case, Petitioner was interviewed by the prosecutor in the presence of his counsel. This interview is referred to as a "free talk."  According to Petitioner, the prosecutor promised that future codefendants would not be given a transcript unless his statement was exculpatory. [Doc. No. 1-2 at 10.] According to Respondent, Petitioner, his counsel and the prosecutor executed an agreement that, since Petitioner was potentially a cooperating individual, anything he said in the interview could not be used in the prosecution's case-in-chief against him, but he could be impeached with the contents of the interview, were Petitioner to take the stand. [Doc. No. 13 at 5, fn. 3.]

[6] See Doc. No. 1-2 at 10-18.

any authority that such an advisement is required by the U.S. Constitution. Only claims which allege a violation of the federal constitution are cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a)(West 2006); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Therefore, Petitioner has not show this "possible issue" to have merit.

**d) Ineffective assistance of trial counsel**.

Petitioner argues that, due to the situation with the "free talk," his trial attorney could not properly present his case, and this violates his rights under the Sixth Amendment. [Doc. No. 11 at 12.] While framed in the context of ineffective assistance of counsel, Petitioner is essentially putting forth the same facts and argument that are already presented in his Petition under Ground Three. [See Doc. No. 1-2 at 10-18.] Petitioner does not set forth any independent facts or law that would state a viable claim for ineffective assistance of counsel.[7] Therefore, this "possible claim" also does not have merit.

**e) Unconstitutional promises by prosecutor's staff, of leniency or lessor culpability, that was later denied; that may equate to possible Miranda violation; or, a Santebello style violation**

This is essentially Petitioner's argument under Ground Three of the Petition. This does not articulate a separate constitutional violation.

**f) Ineffective assistance of appellate counsel, [for failure to timely notify petitioner that his Petition for Review was denied, until AEDPA had almost expired].**

For the reasons discussed above regarding Petitioner's failure to timely exhaust his claims, Petitioner does not state a claim for ineffective assistance of appellate counsel. *See Coleman*, 501 U.S. 722, 752.

### III. CONCLUSION AND RECOMMENDATION

Having reviewed the matter, the undersigned Magistrate Judge recommends that Petitioner's Motion for Stay and Abeyance be **DENIED**. This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 29

---

[7]*See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components: first, defendant must show that counsel's performance was deficient, requiring showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed defendant by the Sixth Amendment and, second, defendant must show that the deficient performance prejudiced the defense by showing that counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable).

U.S.C. §636(b)(1).

**IT IS ORDERED** that no later than **May 2, 2008**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within **10 days** of being served with the objections.

**IT IS SO ORDERED**.

DATED: March 28, 2008

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge