**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL GUFFEY,<br><br>               Petitioner,<br><br>vs.<br><br>RICHARD SUBIA, Warden,<br><br>               Respondent. | CASE NO. 07CV1620 IEG (CAB)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION** (Doc. No. 18);<br><br>**(2) REJECTING PETITIONER'S OBJECTIONS** (Doc. No. 20); and<br><br>**(3) DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE** (Doc. Nos. 2 & 11). |

Presently before the Court is Daniel Guffey's ("petitioner") motion to stay and hold in abeyance his petition for a writ of habeas corpus. For the reasons stated below, the Court denies petitioner's motion.

**BACKGROUND**

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his September, 2003 convictions for conspiracy to commit assault and second degree murder. (Doc. No. 1.) Petitioner raises three grounds for relief in his petition: (1) his murder conviction was not supported by sufficient evidence; (2) joint trial with co-defendants violated the Due Process Clause and rendered his trial fundamentally unfair; and (3) the

admission of his co-defendants' statements violated his right to confront and cross-examine the witnesses against him. The California Supreme Court has denied each of the claims raised in his petition.

Concurrently with his petition, petitioner filed a motion for stay and abeyance. (Doc. No. 2.) Petitioner explained he had discovered the existence of other constitutional claims not previously presented to a state court. He identified those "possible issues" as jury instructional error, prosecutorial misconduct, abuse of discretion by trial court judge, ineffective assistance of counsel, unconstitutional promises by prosecution, and ineffective assistance of appellate counsel. (Motion at 2.)

Magistrate Judge Cathy Ann Bencivengo explained the requirements for demonstrating a stay and abeyance by written order of August 28, 2008 and permitted petitioner to file an amended motion. (Doc. No. 4.) Petitioner filed an amended motion for stay and abeyance on December 28, 2007. (Doc. No. 11.) In his amended motion, petitioner again explains he would like to add claims for the broad categories of claims mentioned in his first motion, although he adds some details as to certain claims.

On January 11, 2008, respondents opposed the motion. (Doc. No. 13.) On February 21, 2008, petitioner filed a reply in support of the motion. (Doc. No. 17.) On March 28, 2008, Magistrate Judge Bencivengo issued a Report and Recommendation ("Report") recommending the Court deny petitioner's motion for a stay and abeyance. (Doc. No. 18.) On May 8, 2008, petitioner filed objections to the Report (Doc. No. 20). Respondents have not filed a reply.

Because petitioner objects to the Report in its entirety, the Court reviews the Report de novo. 28 U.S.C. § 636(b)(1); Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004).

**DISCUSSION**

Petitioner objects to the magistrate judge's recommendation that his motion for stay and abeyance be denied. Petitioner argues he has shown good cause for the stay because of the conduct of his appellate counsel. On July 31, 2007, counsel informed petitioner that his petition for discretionary review had been denied by the California Supreme Court more than one year earlier, on May 17, 2006. Counsel apologized for the delay and gave petitioner a completed copy of his federal habeas petition to file, as well as information on filing a state habeas corpus petition if petitioner chose

1  to pursue additional claims. Counsel also mailed petitioner his case file and trial transcripts at that
2  time. Petitioner then promptly filed his petition in this Court and moved to stay the petition so that
3  he could exhaust certain claims in state court. Although petitioner filed this motion on August 15,
4  2007, he has not yet filed a state habeas petition.

5  Magistrate Judge Bencivengo correctly identified the standard for granting a stay and
6  abeyance. District courts have limited discretion to hold in abeyance a habeas petition, in order to
7  permit a petitioner to return to state court to exhaust additional claims while the federal proceedings
8  are stayed. Rhines v. Weber, 544 U.S. 269, 277 (2005). In exercising its discretion, the Court is to
9  consider whether: (1) "the petitioner has good cause for his failure to exhaust;" (2) the unexhausted
10 claims are potentially meritorious; and (3) petitioner has "engaged in intentionally dilatory tactics."
11 Id. at 278.

12 The magistrate judge concluded petitioner had not shown good cause for failure to exhaust.
13 While petitioner did not realize the California Supreme Court had denied his petition for discretionary
14 review until more than a year later, the magistrate judge concluded the mistakes of counsel to which
15 petitioner was not constitutionally entitled do not provide "good cause." While petitioner objects that
16 he had a right to counsel on his first appeal (Objections at 2-3), petitioner is incorrect in arguing he
17 had a Sixth Amendment right to counsel on his petition for discretionary review by the California
18 Supreme Court. See Coleman v. Thompson, 501 U.S. 722, 752 (1991). Where there is no right to
19 counsel, there is also no claim for ineffective assistance of counsel, and thus attorney mistakes do not
20 ordinarily constitute "good cause." Id. at 752-53.

21 The magistrate judge also recommended the Court find petitioner has also failed to
22 demonstrate that his unexhausted claims are potentially meritorious. See Jackson v. Roe, 425 F.3d
23 654, 661 (9th Cir. 2005). Petitioner's motion recognizes general categories of constitutional
24 violations: jury instructional error, prosecutorial misconduct, and ineffective assistance of trial and
25 appellate counsel. Petitioner has not explained the factual or legal grounds for most of these claims
26 in his case.

27 Two "possible claims" are identified with more detail in petitioner's objections, but the details
28 confirm the claims have no potential merit. First, petitioner claims the prosecution violated his
Miranda rights by having discussions with him which he understood to be privileged, but were later

ruled admissible by the trial judge.[1] Petitioner acknowledges, however, that he was accompanied by counsel at the time of this interview. Accordingly, petitioner has not demonstrated his claim for a Miranda violation has any potential merit.[2]

Petitioner also elaborates on his claim that he received ineffective assistance of counsel at the appellate level due to (1) counsel's failure to notify him of the California Supreme Court's denial of his petition for discretionary review; and (2) counsel's failure to appeal based on the issues which petitioner now seeks to exhaust. Neither argument has merit. First, petitioner does not have a right to counsel after the first direct appeal, and thus he may not claim ineffective assistance of counsel on additional levels of discretionary review. Coleman, 501 U.S. at 752. Second, because petitioner has not made any explanation of the claims he now seeks to exhaust, it is impossible to evaluate whether counsel's failure to bring those claims constituted ineffective assistance of counsel. Jackson, 425 F.3d at 661; Strickland v. Washington, 466 U.S. 668 (1984).

A final consideration is whether petitioner has shown diligence. Although petitioner has been aware of his need to file a state court habeas petition since he filed the motion for stay on August 15, 2007, petitioner has not yet "develop[ed] or submitt[ed] his state habeas petition." (Objections at 4.) The magistrate judge concluded this showed a lack of diligence. Petitioner responds in his objections that he believed he needed to await resolution of the stay and abeyance motion before filing a state court petition. (Id. at 3-4.) In Oliver v. Giurbino, the Ninth Circuit Court of Appeals found reasonable a pro se habeas petitioner's belief "that with a live controversy still pending in federal court he was not free to pursue his claims in state court until the federal action was dismissed." 371 F.3d 569, 572 (9th Cir. 2004). Accordingly, the Court does not find petitioner's failure to file a state petition weighs against granting the stay. However, the determinative factor in this case is that petitioner has not explained the basis for the claims he seeks to exhaust and thus the Court is unable to find they have potential merit.

---

[1] The trial court's decision to permit the use of this "free talk" as impeachment evidence is challenged in the second ground of his petition (which is fully exhausted). In that ground, petitioner claims the joinder of his case with that of co-defendants caused his trial to be fundamentally unfair. (See Petition at 12-18.)

[2] See Miranda v. Arizona, 384 U.S. 436, 444 (1966) (requiring government to inform defendants of right to counsel during custodial interrogation).

**CONCLUSION**

For the foregoing reasons, the Court hereby (1) adopts Magistrate Judge Bencivengo's Report, (2) rejects petitioner's objections to the Report, and (3) denies petitioner's motion for a stay and abeyance. Petitioner alternatively requests leave to file an interlocutory appeal. The Court denies this request.

**IT IS SO ORDERED**.

DATED: June 16, 2008

_____
IRMA E. GONZALEZ, Chief Judge
United States District Court